IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LATANYA CRAMER,

        Plaintiff,                     1: 08 CV 00375 AWI YNP GSA (PC)

        vs.                              FINDINGS AND RECOMMENDATION

S. DICKINSON, et al.,

        Defendants.

Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the June 26, 2009, first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend.

Plaintiff, formerly an inmate at Valley State Prison for Women (VSPW), brings this action against correctional officials employed by the CDCR at VSPW. The claims in this lawsuit stem from a cavity search that Plaintiff was subjected to. In the original complaint, Plaintiff alleges that Correctional Officer (C/O) Dickinson falsely accused Plaintiff of possessing drugs. Dickinson directed a nurse, Defendant Patricia Johnson, to perform a rectal cavity search. Plaintiff alleges that this was "done without legal documents stating for this to be done."

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

Digital body cavity searches must "be conducted with reasonable cause and in a reasonable manner" to serve a legitimate penological interest. Vaughan v. Ricketts, 950 F.2d 1464, 1468-69 (9th Cir. 1991). In the order dismissing the original complaint, the court noted that Plaintiff alleged no facts indicating that the search was conducted in an unreasonable manner. The facts alleged indicate that Plaintiff was accused of possessing drugs.

In the first amended complaint, Plaintiff re-states the allegations of the original complaint, but fails to cure the identified defects. Plaintiff does indicate that the search occurred while she was handcuffed and that she did not submit to it voluntarily. Such allegations do not rise to the level of an unconstitutional search within the meaning of Vaughan, or deliberate indifference within the meaning of Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In the June 18, 2009, order the court informed Plaintiff of the deficiencies in her complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted. Because Plaintiff has failed to cure the identified deficiencies, the court recommends dismissal of this action with prejudice for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 9, 2010**         /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE