UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATANYA CRAMER, | CASE NO. 1:08-cv-00375-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL WITH PREJUDICE OF PLAINTIFF'S THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| S. DICKINSON, et al., | |
| Defendants. | (ECF No. 27) |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

I.  **PROCEDURAL HISTORY**

Plaintiff LaTanya Cramer ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed this action on March 17, 2008. (ECF No. 1.) The Court dismissed Plaintiff's original Complaint for failure to state a claim and allowed Plaintiff to amend. (ECF No. 17.) On June 26, 2009, Plaintiff filed her First Amended Complaint. (ECF No.

18.) The Court recommended in its Findings and Recommendation that the First Amended Complaint be dismissed with prejudice for failure to state a claim. (ECF No. 20.) However, after Plaintiff filed Objections, the Findings and Recommendations were vacated and the Court granted Plaintiff leave to amend her complaint again. (ECF Nos. 21, 22, & 25.) On March 22, 2010, Plaintiff filed a Second Amended Complaint. (ECF No. 23.) The Court dismissed this complaint with leave to amend one last time. (ECF No. 26.)

On February 7, 2011, Plaintiff filed a Third Amended Complaint, which is now before the Court for screening. (ECF No. 27.) For the reasons set forth below, the Court finds that Plaintiff's Third Amended Complaint fails to state a claim upon which relief may be granted.

II. **SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

### III.  SUMMARY OF COMPLAINT

Plaintiff Defendants S. Dickinson, C/O J. Dickinson, Sergeant, and Patricia A. Johnson, P.N. violated her First, Fourth, and Eighth Amendment rights at Valley State Prison for Women as follows:

On December 18, 2005, Plaintiff's roommate was robbed, and the robbery was reported to Defendant S. Dickinson who worked in the building where Plaintiff was housed. S. Dickinson did not do anything about the robbery, so the roommate kept pressuring Dickinson to take some kind of action. S. Dickinson became angry and finally searched Plaintiff's cell, tearing it apart.

On December 19, 2005, Plaintiff's roommate's mother called the prison complaining about S. Dickinson's conduct. Defendant S. Dickinson then retaliated against Plaintiff by claiming Plaintiff had drugs. Plaintiff was taken to an inmate restroom and voluntarily submitted to a strip search. Nothing was found.

Defendant J. Dickinson was then called in. Plaintiff was handcuffed and taken to a Lieutenant's office for questioning. The Lieutenant told J. Dickinson to take Plaintiff to be x-rayed, which Plaintiff volunteered to do. While being escorted to the infirmary, Defendants J. Dickinson and S. Dickinson "pulled and yanked" Plaintiff and remarked: "People shouldn't call their mommies. You're in prison now." (ECF No. 27, p. 6; Pl.'s Third

Am. Compl. p. 6.)  Plaintiff filed multiple 602 grievances against both Dickinsons.

Plaintiff seeks monetary damages.

## IV.  ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.  Fourth Amendment Claim

Plaintiff alleges a violation of her Fourth Amendment right to be free from an unreasonable search.[1]

The Fourth Amendment protects prisoners from unreasonable searches, including the invasion of bodily privacy.  Bull v. City and County of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Michenfelder v. Sumner, 860 F.2d 328, 332-33 (9th Cir. 1988).  The Fourth Amendment prohibits unreasonable searches, and reasonableness is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights that search entails.  Bell v. Wolfish, 441 U.S. 520, 558-59

---

[1] In her prior complaints, Plaintiff alleged that she was subjected to a digital cavity search.  The Third Amended Complaint does not repeat that allegation, but does refer to the alleged event by claiming that Defendant Johnson should have asked for legal paperwork before performing a rectal cavity search and that Plaintiff suffers from rectal pain.  (ECF No. 27 pp. 8 & 10; Pl.'s Third Am. Compl. pp. 8 & 10.)

4

(1979) (quotations omitted); Bull, 595 F.3d at 971-72; Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332. The scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted must be considered. Bell, 441 U.S. at 559 (quotations omitted); Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

Plaintiff states that she was strip searched after she had been accused of having drugs. The strip search occurred in an inmate restroom.

As plead, the pleading fails to state a Fourth Amendment claim. The plead facts reflect that Defendants had a reasonable justification for conducting the search, i.e., the report that Plaintiff had drugs. Removing drugs from the prison is a valid penological goal. Defendants conducted the search reasonably in a room with some privacy and using appropriate personnel. Even a body cavity search could be justified in these circumstances.

Plaintiff was previously notified of the relevant legal standard and the deficiencies in her prior complaints. Her Third Amended Complaint contains no materially different allegations than those in her previous complaints. Because Plaintiff's Third Amended Complaint again fails to state a claim, the Court will recommend that this claim be dismissed without further leave to amend.

**B.   Eighth Amendment Claims**

Plaintiff alleges that she was subjected to cruel and unusual punishment in violation of the Eighth Amendment.

1.   Cruel and Unusual Punishment

"[A] prison official cannot be found liable under the Eighth Amendment for denying

5

an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A plaintiff who claims that the conditions of his confinement fall below the constitutional standard must make two showings. "First, the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000) (citation omitted). "The Constitution . . . 'does not mandate comfortable prisons, and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citations omitted). Second, the prisoner must make a "subjective" showing that prison officials "acted with the requisite culpable intent such that the infliction of pain is 'unnecessary and wanton.' In prison conditions cases, prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmate's suffering." Anderson v. County of Kern, 45 F.3d 1310, 1312 (9th Cir. 1995).

As stated above, Plaintiff alleges that in strip searching Plaintiff S. Dickinson disregarded an excessive risk to inmate health and safety. Plaintiff does not say why or how she believes this to be so. Her allegations do not in and of themselves describe extreme deprivation or that officials knew of and disregarded some substantial risk of harm to Plaintiff sufficient to sustain a claim for violation of her Eighth Amendment rights. In fact, as stated above, Defendants appeared to have acted reasonably in light of the drug allegation against Plaintiff.

In this regard too, Plaintiff was previously notified of the relevant legal standard and

6

the deficiencies in her prior complaints.  Her Third Amended Complaint contains less factual allegation than her previous complaints.  Because Plaintiff's Third Amended Complaint again fails to state a claim, the Court will recommend that this claim be dismissed without further leave to amend.

        2.     Excessive Force

To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Hudson v. McMillian, 503 U.S. 1, 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Here, Plaintiff alleges that Defendants "pulled and yanked" or "roughed [her] up" while escorting her to the infirmary.  Such allegations do not in and of themselves describe excessive force sufficient to sustain a claim for violation of her Eighth Amendment rights.  Again, despite having been notified of the legal standard for asserting an excessive force claim, Plaintiff's Third Amended Complaint contains essentially the same allegations as in her prior complaints. Because Plaintiff's Third Amended Complaint again fails to state

a claim, the Court will recommend that this claim be dismissed without further leave to amend.

### C. First Amendment Claim

Plaintiff alleges that her First Amendment rights were violated through retaliatory conduct.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that Defendant S. Dickinson retaliated against Plaintiff after Plaintiff's roommate's mother called and complained about Dickinson's behavior. Plaintiff does not allege what First Amendment-protected conduct Plaintiff was attempting to pursue. The Court does not see a causal link between the allegedly retaliatory conduct and the phone call, and Plaintiff does not explain any connection. While one might infer from the comments attributed to Defendants that they were angry with her because her mother called, there is no reason to believe they took improper action against her in response.

Again, Plaintiff was previously notified of the relevant legal standard in relation to a First Amendment retaliation claim. Her Third Amended Complaint contains similar factual allegations as in earlier complaints, contains more description but no causal link. Because Plaintiff's Third Amended Complaint again fails to state a claim, the Court will

recommend that this claim be dismissed without further leave to amend.

## V. CONCLUSION

The Court finds that Plaintiff's Third Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, Plaintiff has filed three amended complaints and received substantial guidance from the Court. (ECF Nos. 17, 18, 23, 26, & 27.) Plaintiff makes similar allegations in each of her complaints. She failed to make any alterations or to include additional facts to conform to the Court's guidance. Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore recommends that further leave to amend not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United State District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(I). Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     February 19, 2011                    /s/ *Michael J. Seng*
ci4d6                                          UNITED STATES MAGISTRATE JUDGE