# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATANYA CRAMER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. DICKINSON, et al.,<br><br>　　　　Defendants. | CASE NO. 1:08-cv-375-AWI-MJS (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S COMPLAINT<br><br>ORDER ALLOWING PLAINTIFF TO FILE LIMITED AMENDED COMPLAINT<br>(ECF Nos. 27 & 28) |

　　Plaintiff Latanya Cramer, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　On February 22, 2011, the Magistrate Judge filed Findings and Recommendation recommending that Plaintiff's Third Amended Complaint be dismissed with prejudice for failure to state a claim.  Plaintiff has filed objections to the Findings and Recommendation.

　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  The court agrees with the Magistrate Judge that Plaintiff's claims regarding being pulled, yanked, and threatened are not sufficient to state a violation of the Eighth Amendment.  The court agrees with the Magistrate Judge that the alleged facts are insufficient to state a violation of the First Amendment.   In addition, the court notes that prison officials' failures to properly follow orders or prison protocol are insufficient to state a violation of the Constitution.   However, from

Case 1:08-cv-00375-AWI-GSA   Document 30   Filed 06/09/11   Page 2 of 3


reviewing the entire file, it appears Plaintiff may be able to allege a Fourth Amendment claim and/or an Eighth Amendment claim against S. Dickinson and R. A. Johnson concerning the body cavity search.   As such, leave to amend will be given on this issue only.

The Fourth Amendment protects prisoners from unreasonable searches, including the invasion of bodily privacy.  Bull v. City and County of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Michenfelder v. Sumner, 860 F.2d 328, 332-34 (9th Cir. 1988).   Reasonableness is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights that search entails.   Bell v. Wolfish, 441 U.S. 520, 558-59 (1979) (quotations omitted); Bull, 595 F.3d at 971-72; Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010).   The scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted must all be considered.  Bell, 441 U.S. at 559; Bull at 972.   Throughout this action, Plaintiff has contended that S. Dickinson and P. A. Johnson conducted the body cavity search on Plaintiff without Plaintiff's consent and without any reason to believe Plaintiff had contraband.   Because this may state a Fourth Amendment claim, Plaintiff is given leave to amend this specific issue.

In addition, the Eighth Amendment protects inmates from repetitive and harassing searches.  Hudson v. Palmer, 468 U.S. 517, 530 (1984).   Plaintiff not only has implied that the body cavity search was done to harass Plaintiff, but Plaintiff also has implied that it was done with unnecessary force, causing injury.   The unnecessary and wanton infliction of pain violates the Eighth Amendment.  Wilkins v. Gaddy, – U.S. – , 130 S.Ct. 1175, 1178 (2010); Hudson v. McMillian, 503 U.S. 1, 5 (1992).   Thus, to the extent Plaintiff contends the body cavity search was conducted maliciously and sadistically for the purpose of causing harm, and not to maintain discipline, Plaintiff may be able to state an Eighth Amendment claim.

Accordingly, the court ORDERS that:

1. The Findings and Recommendations, filed February 22, 2011, is adopted subject to the above analysis;

2. Plaintiff's Third Amended Complaint is DISMISSED for failure to state a claim upon which relief can be granted;

3.  Plaintiff is GRANTED leave to file an amended complaint that contains a Fourth Amendment claim and/or Eighth Amendment claim against S. Dickinson and P. A. Johnson based on the body cavity search;

4.  All other claims and Defendants are DISMISSED without leave to amend and any amended complaint containing additional claims and Defendants will be stricken from the record;

5.  Any amended complaint SHALL BE FILED within thirty days of this order's date of service; and

6.  Plaintiff is forewarned that failure to file an amended complaint that sufficiently states a Fourth Amendment claim and/or an Eighth Amendment claim based on the body cavity search will result in this action's dismissal.

IT IS SO ORDERED.

Dated:    June 8, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE