# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATANYA CRAMER, | 1:08-cv-00375-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING REQUEST FOR RELIEF FROM PROVISIONS OF LOCAL RULE 230(l) (Doc. 38.) |
| v. | |
| S. DICKINSON, et al., | |
| Defendants. | |

Latanya Cramer ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint initiating this action on March 17, 2008. (Doc. 1.) This action now proceeds on the Fifth Amended Complaint filed by Plaintiff on September 15, 2011, against defendants S. Dickinson and Patricia A. Johnson on Plaintiff's claims for excessive force in violation of the Eighth Amendment. (Doc. 35.)

On October 31, 2011, defendant S. Dickinson ("Defendant") filed a request for relief from Local Rule 230(l), whose provisions apply to motions in prisoner cases. (Doc. 53.) Defendant notes that although Plaintiff was incarcerated at the outset of this lawsuit, Plaintiff was released from prison long before Defendant was served with process in this action, as indicated from Plaintiff's change of address filed on August 31, 2009. (Doc. 19.) Due to

Plaintiff's release from custody, Defendant requests the Court to release Defendant from the requirements of Local Rule 230(l) in this action.[1]

Local Rule 230 governs the Court's civil motion calendar and procedure. Rule 230(l) provides exceptions to the rule for motions in prisoner cases, defined as "cases wherein one party is incarcerated and proceeding in propria persona." L.R. 230(l). The main exception to the rule is that motions in prisoner cases are "submitted upon the record without oral argument unless otherwise ordered by the Court." Id.

At the time Plaintiff's action was filed, Plaintiff was incarcerated at a correctional institution and proceeding in propria persona. Therefore, the Court designated the case as a prisoner case. (See Court Docket.) As noted by Defendant, on August 31, 2009, Plaintiff filed a notice of change of address, indicating her residence at a street address in Los Angeles, California. (Doc. 19.)

Defendant correctly observes that, due to Plaintiff's change in custody, this case does not currently fit within the definition of a prisoner case as stated in Rule 230(l). However, for practical reasons, when a case is designated a prisoner case at the Court, the designation usually remains the same until the case is closed. The Court is obligated by law to follow distinctly different rules and procedures when managing prisoner case litigation, and continuity is necessary for the Court to manage its docket. Although not an indication of what may occur in this case, it is not uncommon for a prisoner who is released from custody to later return to

---

[1] Local Rule 230(l) provides:

"All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21),days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than seven (7) days after the opposition is served, serve and file a reply to the opposition. All such motions will be deemed submitted twenty-eight (28) days after the service of the motion or when the reply is filed, whichever comes first. See L.R. 135." L.R. 230(l).

custody, only to be released again at a later time. This Court has hundreds of pending prisoner cases, and it would create an enormous burden, with little benefit, to change the designation of a case, along with the resultant procedural changes, with each change of a litigant's custody status. For these reasons, this case shall remain a prisoner case at this time, and Defendant's motion shall be denied.

    Accordingly, IT IS HEREBY ORDERED that Defendant's motion to be released from the provisions of Local Rule 230(l) in this action is DENIED.

IT IS SO ORDERED.

Dated:   **November 1, 2011**                 /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE