UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATANYA CRAMER, | 1:08-cv-00375-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, BASED ON THE DOCTRINE OF RES JUDICATA |
| v. | |
| S. DICKENSON, et al., | |
| Defendants. | (Doc. 40.) |
| / | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.  BACKGROUND**

Latanya Cramer ("Plaintiff"), CDC#W-96158, a state prisoner proceeding pro se, filed this civil rights action on March 17, 2008.  (Doc. 1.)  This case now proceeds on Plaintiff's Fifth Amended Complaint filed on September 15, 2011, against defendants S. Dickinson and Patricia A. Johnson ("Defendants"), for conducting a cavity search in violation of the Fourth Amendment and the Eighth Amendment.  (Doc. 35.)

On November 4, 2011, Defendants filed a motion to dismiss Plaintiff's claims under Rule 12(b)(6), based on the grounds that the doctrine of res judicata bars this lawsuit.  (Doc. 40.)  Plaintiff filed an opposition to the motion on December 3, 2012.  (Doc. 64.)  Defendants filed a reply to the opposition on December 5, 2012.  (Doc. 65.)

///

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS

This action now proceeds with the Fifth Amended Complaint against defendants C/O S. Dickinson and Nurse P. A. Johnson, for forcefully removing Plaintiff's clothing and forcefully conducting a cavity search on her without any reason to believe she had contraband, in violation of the Fourth and Eighth Amendments. Plaintiff alleges as follows:

On December 19, 2005 at Valley State Prison for Women ("VSP") in Chowchilla, California, C/O S. Dickinson searched Plaintiff for contraband, without any reasonable suspicion.[1] C/O Dickinson checked Plaintiff's pockets, which were empty, then took Plaintiff to the restroom to conduct a strip search. C/O Dickinson directed Plaintiff to "cough and squat," and Plaintiff complied. This examination, which showed Plaintiff did not have any contraband, should have been sufficient. (The "cough and squat" procedure is used for California inmates' strip searches, and if there is still suspicion of contraband, they are placed on "potty watch" and never given an invasive cavity search.) Plaintiff cooperated and was courteous and respectful. Plaintiff was allowed to get dressed, then handcuffed, and C/O Dickinson roughed her up. Plaintiff consented to have an x-ray taken, because it would be non-invasive, and she was escorted to the infirmary. There, C/O Dickinson whispered in Nurse Johnson's ear. Then C/O Dickinson and Nurse Johnson forced Plaintiff to bend over and pulled down her clothing. C/O Dickinson told Plaintiff not to refuse or she would get hurt. Although Plaintiff protested, Plaintiff was subjected to an invasive cavity search by Nurse Johnson, without a warrant. C/O Dickinson laughed and boasted, "It can happen again." Fifth Amd Cmp, Doc. 35 at 6. Plaintiff was intimidated and humiliated.

Plaintiff proceeds on a Fourth Amendment claim for unreasonable search, and an Eighth Amendment Claim for deliberate indifference.

///
///
///

---

[1] Plaintiff does not state, in the Fifth Amended Complaint, when the events at issue occurred. However, in the original Complaint commencing this action, Plaintiff states that the events occurred on December 19, 2005. (Cmp, Doc. 1 at 3 ¶IV.)

2

1    III.    **MOTION TO DISMISS**

2       A.    **Legal Standards**

3          1.    **Rule 12(b)(6)**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 679; Moss, 572 F.3d at 969. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

      2.    **Res Judicata**

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005).[2] Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or persons in privity with them from litigating the same claim that was raised in that action and all claims arising out of the same transaction or occurrence. See Taylor, 128 S.Ct. at 2171; Rest.2d Judgments § 18. "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[T]he doctrine of res judicata (or claim preclusion) 'bars all grounds for recovery which *could have*

---

[2] The Supreme Court recently clarified that the terms "claim preclusion" and "issue preclusion" are collectively referred to as "res judicata." Taylor v. Sturgell, 128 S.Ct. 2161, 2171 (2008).

3

*been* asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'" Costantini v. Trans World Airlines 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980) (emphasis added)).

When determining, for res judicata purposes, whether a present dispute concerns the same claims as did prior litigation, the Ninth Circuit considers: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts", which is the most important factor. Headwaters, Inc., 399 F.3d at 1052.

The related doctrine of collateral estoppel, or issue preclusion, provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." U.S. v. Bhatia, 545 F.3d 757, 759 (9th Cir. 2008) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)). Both doctrines apply to criminal and civil proceedings, and both require privity between the parties. Bhatia, 545 F.3d at 759 (citing U.S. v. Cejas, 817 F.2d 595, 598 (9th Cir. 1987) and see In re Schimmels, 127 F.3d at 881(noting that, under res judicata, "parties or their privies" may be bound by a prior judgment); United States v. ITT Rayonier, Inc., 627 F.2d 996, 1000 (9th Cir.1980) (requiring identity or privity between parties for collateral estoppel to apply)).

A defendant relying on res judicata or collateral estoppel as a defense must plead it as an affirmative defense. Blonder-Tongue Laboratories, Inc. v. University of Ill. Found., 402 U.S. 313, 350, 91 S.Ct. 1434, 1453 (1971). However, "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised," Arizona v. California, 530 U.S. 392, 416, 120 S.Ct. 2304, 2318 (2000), provided that the parties have an opportunity to be heard prior to dismissal, Headwaters, Inc., 399 F.3d at 1055. "As a general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been

///

1 dismissed.'" Id. at 1054-1055 (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n. 1 (9th Cir. 1058)).

### B.    Parties' Positions

Defendants argue that this action should be dismissed under the doctrine of res judicata because the Court previously dismissed Plaintiff's same claim, against the same Defendants, with prejudice. Defendants assert that Plaintiff made the same allegations – regarding an alleged "squat and cough" search for contraband, followed by an x-ray and cavity search by a nurse – against the same Defendants – S. Dickenson and P. Johnson – in Latanya Cramer v. S. Dickinson, et al., USDC E.D. Cal. No. 1:08-cv-00723-CRB ("08-723"), which this Court dismissed with prejudice under Federal Rule of Civil Procedure 41(b), which directs that such dismissal "operates as an adjudication on the merits." Defendants request the Court to take judicial notice of documents filed in case 08-723, including the Complaint, Order Dismissing Complaint, Order Dismissing Case With Prejudice, and Judgment, attached to their request as Exhibits A-D.

In opposition, Plaintiff argues that this case should remain open because her allegations have merit. Defendants reply that Plaintiff has not given any reason why her case should not be barred by res judicata.

### C.    Discussion

#### 1.    Judicial Notice

The Court takes judicial notice of the documents submitted by Defendants, documents filed in case 08-723, including the Complaint, Order Dismissing Complaint, Order Dismissing Case With Prejudice, and Judgment, attached to their request for judicial notice as Exhibits A-D. (Request, Doc. 41, Exhs. A-D.) The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

#### 2.    Res Judicata

The Court has thoroughly reviewed Plaintiff's Fifth Amended Complaint in the present action ("08-375"), as discussed above, and Plaintiff's Complaint in case 08-723.

///

5

***Plaintiff's Case 08-723***

Latanya Cramer, CDC#W-96158 ("Plaintiff") filed the Complaint commencing case 08-723 on May 23, 2008, alleging as follows:

> On December 19, 2005, S. Dickinson, a Correctional Officer at Valley State Prison for Women in Chowchilla, California, falsely accused Plaintiff of having drugs, directed Plaintiff to remove her clothing, and conducted a "cough and squat" search. Afterward, C/O Dickinson directed Nurse Practitioner Patricia A. Johnson to stick her finger in Plaintiff's rectum, subjecting Plaintiff to a forced-entry cavity search without a court order by a judge, causing Plaintiff pain and suffering.

(Doc. 1 of case 08-723 at 3.) On February 12, 2009, the court entered an order dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 11 of case 08-723.) Plaintiff failed to file an amended complaint. (See Court Docket.) On September 24, 2010, the Court dismissed the action for failure to prosecute, with prejudice, pursuant to Rule 41(b). (Doc. 13 of case 08-723.)

***Analysis***

The Court finds that the present action 08-375 is substantively identical to the previously decided case 08-723. Both complaints were filed by the same plaintiff, Latanya Cramer, CDC#W-96158, a state prisoner who was incarcerated at VSP at the time of the events at issue. Both complaints proceed against defendants C/O S. Dickinson and Nurse Patricia Johnson, who were both employed at VSP. There is no dispute between the parties that defendants S. Dickinson and Nurse Johnson in case 08-375 are the same persons as defendants Dickinson and Johnson named in case 08-723. Therefore, the requirement of privity between the parties in both cases is satisfied. See Tahoe-Sierra Preservation Council, Inc., 322 F.3d at 1081.

Both complaints allege that on December 19, 2005, at VSP, Plaintiff was falsely suspected of having contraband and was subjected to a "cough and squat" unclothed body search by C/O Dickinson. Both complaints allege that Plaintiff was then subjected to a forced-entry body cavity search by Nurse Johnson, at the direction of C/O Dickinson, without authority by a court. While the allegations are not entirely identical, the Court finds that Plaintiff has raised the same claim or cause of action against C/O Dickinson and Nurse Johnson in both cases. Since the doctrine of res judicata bars all grounds for recovery which *could have been* asserted on the same cause of action, whether

6

they were or not, it is of no consequence that Plaintiff offers additional facts in case 08-723, alleging that Plaintiff was handcuffed, C/O Dickinson roughed her up, C/O Dickinson told Plaintiff not to refuse the cavity search, and C/O Dickinson laughed and boasted, "It can happen again." Both of the lawsuits did arise out of the same transactional nucleus of facts: allegations that defendants C/O Dickinson and Nurse Johnson subjected Plaintiff to a forced-entry body cavity search without authority and without cause. The other criteria for finding a single cause of action are also met. Clearly, the defendants' freedom from liability for constitutional violations based on the body cavity search, resulting from case 08-723, could be impaired if the present case 08-375 is permitted to go forward. Finally, the two suits involve infringement of the same rights: both lawsuits seek damages from C/O Dickinson and Nurse Johnson for violation of Plaintiff's constitutional rights prohibiting unreasonable searches. Thus, the causes of action, against the same defendants in both lawsuits, are identical for purposes of res judicata.

The final question is whether the judgment in case 08-723 was a judgment on the merits. As Defendants assert, Federal Rule of Civil Procedure 41(b), under which case 08-723 was dismissed, "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Thus, the judgment in case 08-723 was a judgment on the merits.

Plaintiff's arguments are without merit because it is of no consequence under the doctrine of res judicata whether her case has merit. "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc., 399 F.3d at 1052. There is no requirement for the Court to consider whether the case has merit.

Based on this analysis, the Court finds that defendants Dickinson and Johnson have demonstrated that the doctrine of res judicata prohibits the re-litigation of Plaintiff's claims against them in the present case 08-375, which were previously decided on their merits in case 08-723. Therefore, Defendants are entitled to dismissal of this action, with prejudice.

**IV.    CONCLUSION AND RECOMMENDATION**

For the reasons set forth herein, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss Plaintiff's claims against them, filed on November 4, 2011, be GRANTED, DISMISSING

this action in its entirety, with prejudice, for Plaintiff's failure to state a claim against them, based on the doctrine of res judicata.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **January 9, 2013**                    /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE